NUMBER 13-10-00373-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

HERIBERTO ENRIQUEZ,                                                   
    Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                            Appellee.

                                                                                                                     
  

 

On appeal from the 389th
District Court 

of Hidalgo County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Garza and Rodriguez  

Memorandum Opinion by
Justice Rodriguez

                                                                                                                                    

Appellant Heriberto Enriquez appeals
from his conviction for aggravated sexual assault of a child.  See Tex. Penal Code Ann. §
22.021(a)(1)(B)(i), (2)(B) (West Supp. 2010).  Enriquez pleaded not guilty to
the indicted offense.  After a trial on the merits, the jury returned a guilty
verdict, sentenced Enriquez to ninety-nine years' incarceration in the
Institutional Division of the Texas Department of Criminal Justice, and
assessed a $10,000 fine.  

            Concluding that "an appeal in this case
would be frivolous and without merit," counsel filed an Anders
brief in which he reviewed the merits, or lack thereof, of the appeal.  We affirm.

I.  Compliance with Anders v. California

            Pursuant to Anders v. California, 386
U.S. 738, 744 (1967), Enriquez's court-appointed appellate counsel has filed a
brief with this Court, stating that he has "diligently reviewed the entire
record in this case and the law applicable thereto" and in his
professional opinion, "there are no grounds of error upon which an appeal
can be predicated."  After discussing the indictment and arraignment
proceedings, pre-trial hearings, motion to suppress proceedings, guilt-innocence
proceedings, punishment phase, performance of counsel, and the law applicable
to the foregoing, counsel concludes that "there is no error by the trial
court apparent on the record," "sufficient evidence . . . support[ed]
the jury's finding of guilt[] and assessment of punishment," and
"[t]here is nothing in the record to suggest that trial counsel was
ineffective."  See In re Schulman, 252 S.W.3d 403, 407 n.9
(Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an Anders
brief need not specifically advance 'arguable' points of error if counsel finds
none, but it must provide record references to the facts and procedural history
and set out pertinent legal authorities.") (citing Hawkins v. State,
112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); Stafford
v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

            In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Enriquez's counsel has,
thus, carefully discussed why, under controlling authority, there are no errors
in the trial court's judgment.  Counsel has informed this Court that he has: 
(1) examined the record and found no arguable grounds to advance on appeal, (2)
served a copy of the record, counsel's brief, and counsel’s motion to withdraw
on Enriquez, and (3) informed Enriquez of his right to review the record and to
file a pro se response within thirty days.[1] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see
also In re Schulman, 252 S.W.3d at 409 n.23.  

Enriquez filed a pro se response on
March 28, 2011.  When appellate counsel files an Anders brief and the
appellant independently files a pro se response, the court of appeals has two
choices:  "[i]t may determine that the appeal is wholly frivolous and
issue an opinion explaining that it has reviewed the record and finds no
reversible error.  Or, it may determine that arguable grounds for appeal exist
and remand the cause to the trial court so that new counsel may be appointed to
brief the issues."  Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex.
Crim. App. 2005).  We are not required to review the merits of each claim
raised in an Anders brief or a pro se response—rather, we must merely
determine if there are any arguable grounds for appeal.  Id. at 827.  If
we so determine, we must remand for appointment of new counsel.  Id. 
Reviewing the merits raised in a pro se brief would deprive an appellant of
meaningful assistance of counsel.  Id.  Accordingly, we will
independently review the record to determine if there are any arguable grounds
for appeal.

II.  Independent Review

            The United States Supreme Court has advised
appellate courts that upon receiving a "frivolous appeal" brief, they
must conduct "a full examination of all the proceedings to decide whether
the case is wholly frivolous."  Penson v. Ohio, 488 U.S. 75, 80
(1988).  We have carefully reviewed the record, counsel's brief, and Enriquez's
pro se response and have found nothing that would arguably support an appeal.  See
Bledsoe, 178 S.W.3d at 826; Stafford, 813 S.W.2d at 509.  We agree
with counsel that the appeal is wholly frivolous and without merit.  See
Bledsoe, 178 S.W.3d at 827-28 ("Due to the nature of Anders briefs, by
indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of
appeals met the requirements of Texas Rule of Appellate Procedure 47.1."). 
We affirm the trial court's judgment.

III.  Motion to Withdraw

In accordance with Anders,
Enriquez's attorney has asked this Court for permission to withdraw as counsel
for Enriquez.  See Anders, 386 U.S. at 744; see also In re Schulman,
252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80
(Tex. App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes
the appeal is frivolous, he must withdraw from representing the appellant.  To
withdraw from representation, the appointed attorney must file a motion to
withdraw accompanied by a brief showing the appellate court that the appeal is
frivolous.") (citations omitted)).  We grant counsel's motion to withdraw
that was carried with the case on February 25, 2011.  Within five days of the
date of this Court’s opinion, counsel is ordered to send a copy of the opinion
and judgment to Enriquez and to advise Enriquez of his right to file a petition
for discretionary review.[2] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens,
206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 

14th day of July,
2011.

                                                                                                                                                            









[1]
The Texas Court of Criminal Appeals has held that "the pro se response
need not comply with the rules of appellate procedure in order to be
considered.  Rather, the response should identify for the court those issues
which the indigent appellant believes the court should consider in deciding
whether the case presents any meritorious issues."  In re Schulman,
252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting Wilson
v. State, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).





[2]
No substitute counsel will be appointed.  Should Enriquez wish to seek further
review of this case by the Texas Court of Criminal Appeals, he must either
retain an attorney to file a petition for discretionary review or file a pro se
petition for discretionary review.  Any petition for discretionary review must
be filed within thirty days from the date of either this opinion or the last
timely motion for rehearing that was overruled by this Court.  See Tex. R. App. P. 68.2.  Any petition for
discretionary review must be filed with this Court, after which it will be
forwarded to the Texas Court of Criminal Appeals.  See Tex. R. App. P. 68.3; 68.7.  Any
petition for discretionary review should comply with the requirements of Rule
68.4 of the Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4.